IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TIFFANY PATRICK**                                                                           **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO:**   3:20-cv-725-DCB-JCG

**VANTEC HITACHI TRANSPORT SYSTEM (USA), INC.;**
**TIMOTHY MATT PEUSCH, individually**
**and in his official capacity, and**
**JOHN DOES 1-10**                                                   **DEFENDANTS**

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW, Plaintiff Tiffany Patrick, by and through their undersigned counsel, and files this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et. seq. and the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k), and Title I of the Civil Rights Act of 1991 for damages based on the unlawful employment practices committed by Defendants on the basis of sex, female, and to provide appropriate relief to Tiffany Patrick, who was adversely affected by such practices.

As alleged in more detail below, Defendants discriminated against Plaintiff Tiffany Patrick, a former employee by demoting her from a management position to a less desirable position that paid less because of her pregnancy.

### JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized an instituted pursuant to §§ 706(f)(1) and (3) of Title

1

VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. Venue is proper under Title 28 U.S.C. §§ 1391(b) as the employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division.

## PARTIES

3. Plaintiff Tiffany Evans is an adult African American female citizen of the United States residing at 5776 Kristen Drive, Jackson, Mississippi 39211.

4. Defendant Vantec Hitachi Transport System (USA), Inc. (hereinafter "Vantec") is a California corporation which is authorized to do business in Mississippi and has its principal place of business at 21061 South Western Avenue, Suite 300, Torrance California 90501. Vantec has a location in the state of Mississippi at 554 Nissan Parkway, Canton, Madison County, Mississippi 39046. Vantec may be served with process of this Court through its registered agent C.T. Corporation System located at 645 Lakeland Drive East Dr., Suite 101, Flowood, Mississippi 39232.

5. Defendant Peusch is a Caucasian male employed with Vantec at the time of the allegations contained within this Complaint. Defendant Peusch was Ms. Patrick's Department Manager in its Canton, Mississippi facility. Defendant Peusch may be served with process wherever he may be found. This Defendant is being sued individually and in his official capacity as a Department Manager for Vantec.

6. Defendants, John Does 1-10, are individuals and/or entities whose identities are unknown to the Plaintiff as this time.  Through the discovery process it is believed that their true and accurate identities will become known, and at that time, the Plaintiff will seek leave of this Honorable

Court to amend his Complaint and to specifically name the unknown persons and/or entities as Defendants to this action.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. All conditions precedent to jurisdiction pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with by the Plaintiff to wit: appropriate charge of sex and pregnancy discrimination has been filed with the Equal Employment Opportunity Commission, (hereinafter "EEOC"), and Notification of Right to Sue, dated August 20, 2020 was mailed to Plaintiff. (See Exhibit "A").

8. Plaintiff filed a timely complaint based on the time limits contained in § 706 of Title VII of the Civil Rights Act of 1964, as amended.

## STATEMENT OF CLAIMS

9. Plaintiff began temporary employment with Kelly Services in June 2017 where she worked for Defendant Vantec.

10. In or around March 2018, Plaintiff was hired as a permanent employee with Defendant. At that time, she was promoted to the position of Coordinator.

11. In or around April 2019, Plaintiff was laterally moved to the position of 1st Shift Inbound Coordinator. Plaintiff received additional responsibilities. Therefore, she received an increase in pay.

12. In July 2019, Plaintiff discovered she was pregnant, and requested time off to attend her doctor's visits. Her request for time off to go to the doctor was like requests by non-pregnant employees.

13. In August 2019, Plaintiff was called to Human Resources by Tracie Weathersby and Joyce Singleton. They told Plaintiff that her Department Manager Matthew Peusch had expressed

concern about the amount time she had requested off. Plaintiff told management that she was pregnant and due to her health, she planned to take time off under the Family Medical Leave Act ("FMLA") soon.

14.     Defendants made no complaints about her work performance. She was never disciplined.

15.     Plaintiff took FLMA leave on September 19-24, 2019, and it was approved by Defendant Peusch. While on FLMA leave, Plaintiff received notices from other employees, that she had been demoted.

16.     Upon Plaintiff's return to work from FLMA leave, she had a meeting with Defendant Peusch. During the meeting Defendant Peusch confirmed that Plaintiff's position had "allegedly" been eliminated. Defendant Peusch did not respond when Plaintiff inquired that other similar non-pregnant employees were laterally transferred to other departments with comparable pay and benefits. Instead, he encouraged her to apply for other available positions within the company. However, Plaintiff was the only employee with her previous position that had to apply for another available positions instead of receiving a lateral transfer to another department.

17.     As requested by Defendant Peusch, Plaintiff applied for two positions. Plaintiff was denied the most desirable management position despite her qualifications because of her pregnancy. Plaintiff was the only qualified candidate to interview for the management position. And in fact, the immediate supervisor, for the position, which interviewed Plaintiff recommended Plaintiff for the position. Defendant Peusch as the department manager disregarded the recommendation of department supervisor and instead chose a less qualified candidate for the position.

18.     Defendant Peusch selected Plaintiff for the less desirable position that resulted in a decrease in her pay because he believed that her pregnancy was or would interfere with her ability to

perform her job.

19. Defendant Peusch told Plaintiff that due to the "critical nature" of the department, she needed additional experience for the management position. He also stated that the management position required daily attendance. Plaintiff insisted that she could perform her duties, but Defendant Peusch did not respond.

20. Plaintiff was demoted due to her pregnancy and she suffered a decrease in pay and benefits.

21. Similarly situated non-pregnant employees were not demoted by Defendants because of medical conditions or requests for medical leave. Non-pregnant employees' requests for medical leave was granted and they also were not demoted for lack of job experience. Instead, inexperienced non-pregnant employees received additional training instead of being demoted.

22. At all relevant times Plaintiff was able to perform the essential functions of her position and was prevented from doing so only by Defendants' actions in demoting her, failing to give her a lateral transfer as other similarly non-pregnant employees, and failing to promote her to the other management position which she was qualified to perform.

23. The effect of the practices complained of in paragraphs twelve (12) through twenty-two (22) above has been to deprive Plaintiff Tiffany Patrick of equal employment opportunities because of her sex, female, and pregnancy.

24. The unlawful employment practices complained of in paragraphs twelve (12) through above were intentional.

25. The unlawful employment practices complained of in paragraphs twelve (12) through twenty-two (22) above were done with malice and/or with reckless indifference to the federal protected rights of Tiffany Patrick.

26. Defendants had no legitimate nondiscriminatory reason for the mistreatment and discriminatory conduct toward Plaintiff.

27. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer damages, which include wage loss, conscience suffering, emotional distress, psychological distress, mental anguish, humiliation, embarrassment, loss of opportunity, loss of benefits, and other damages and injuries.

## CLAIMS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED** Plaintiff respectfully demand a trial by jury and prays for a Judgment against the Defendants as follows:

a. Actual, compensatory and incidental damages for the embarrassment, humiliation, harassment, mental anguish and severe emotional distress, Plaintiff suffered and continues to suffer as a direct and proximate result of the conduct of the Defendants described hereinabove;

b. Fringe benefits that Plaintiff has incurred since the Defendants' discrimination;

c. Compensatory damages in the form emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses;

d. Plaintiff also seeks attorney's fees and any and all costs associated with this lawsuit;

e. Defendants actions set forth hereinabove constitute a willful wanton and reckless disregard for the rights of Plaintiff to be free from discrimination. Plaintiff is further entitled to recover liquidated and punitive damages in an amount to be set by the tier of fact; and

f. Plaintiff also seeks such other and further relief as the Court and Jury may deem just and proper under the circumstances as hereinabove set forth.

**RESPECTFULLY SUBMITTED**, this the 12th day of November, 2020.

                                            **TIFFANY PATRICK**

                               By: /s/ LaToya T. Jeter
                                   LaToya T. Jeter (MSB #102213)
                                   Attorney for Plaintiff

OF COUNSEL:
LaToya T. Jeter, MSB# 102213
Lilli Evans Bass, MSB# 102896
BROWN BASS & JETER, PLLC
Post Office Box 22969
Jackson, Mississippi 39225
Telephone: (601) 487-8448
Facsimile: (601) 510-9934